## Wexler, etc., v. Philadelphia Transportation Company

*I. Bernard Rotberg*, for plaintiff.

*Benjamin F. Kivnik*, for defendants.

WATERS, J., March 2, 1955.—We are considering plaintiff's petition "for leave to compromise and discontinue death action". Plaintiff instituted this trespass action to recover damages in her own right for the wrongful death of her husband under the provisions of the so-called Wrongful Death Acts of April 15, 1851, P. L. 669, sec. 19, and April 26, 1855, P. L. 309, sec. 1, as amended by the Acts of June 7, 1911, P. L. 678, sec. 1, April 1, 1937, P. L. 196, sec. 1, 12 PS §1602. She also brought the action as administratrix of decedent's estate under the provisions of the Survival Act of April 18, 1949, P. L. 512, sec. 603, 20 PS §320.603 (Fiduciaries Act of 1949).

The petition indicates that decedent was survived by his widow and six *adult* children as the parties in interest under the applicable intestate act. It is alleged that the best interests of plaintiffs justify acceptance of an offer of $2,500 from defendant "in full settlement and compromise of the pending litigation". It is now proposed that such compromise be approved and that the $2,500 be distributed as follows: $2,000 to plaintiff individually and $500 to decedent's estate. It is further requested that a $150 counsel fee be deducted from the $500 to be awarded to the estate.

Counsel appeared on behalf of the children and objected to the proposed distribution as between plaintiff individually and decedent's estate and further objected to an allocation of the fee charge to the estate share of the settlement.

We are of the opinion that the present petition has been improperly presented; that it is desirable to review the effect of recent legislation upon the procedures to be followed in compromise settlements of death cases. In such review it is essential that a sharp distinction be maintained between the "wrongful death" action and the "survival action".

The Act of July 28, 1953, P. L. 659, secs. 1 and 2, 20 PS §1151.2, provides as follows:

"Section 1. Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of the estate of a decedent, any court in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action.

"Section 2. The order of the court approving such compromise or settlement or an agreement for the payment of counsel fees and other expenses shall not be subject to collateral attack in the Orphans' Court in the settlement of the decedent's estate."

*This Act of July 28, 1953, applies only to "survival" actions brought for the benefit of decedents' estates.* This act established a procedure for securing court approval of the compromise or settlement of a "survival action", "in which damages are sought to be recovered on behalf of the estate of a decedent" after the decision of the Supreme Court of Pennsylvania in Pantazis v. Fidelity and Deposit Company of Maryland, 369 Pa. 221 (1952); see opinion of President Judge Klein in Trigg Estate, 86 D. & C. 76 (1953). This statute governs all compromises of "survival actions" regardless of the presence or absence of interested minors.

Pa. R. C. P. 2206 governs the procedure with regard to the settlement, compromise and discontinuance of actions for wrongful death. This rule is unaffected in any way by the Act of July 28, 1953. Neither this rule nor the Act of July 28, 1953, make the approval of court necessary for the consummation of a compromise or settlement of a claim for damages under the wrongful death acts of 1851 and 1855 as amended unless a minor has an interest in such settlement or compromise. The scope and construction of Pa. R. C. P. 2206 was fully and properly discussed by President Judge Oliver in Hewitt, Admx., v. Masser Motor Express, 43 D. & C. 514 (1942).

It is therefore quite clear that in this case there is no necessity for approval by this court of the widow's proposed settlement of her individual claim under the wrongful death statute for the sum of $2,000 or any other sum, since no minor has an interest in such settlement. In a sense there is no proposed compromise

settlement of the survival action before us, because the parties in interest have not agreed upon an allocation of $500 to such action. However, in order to obviate the necessity for filing another petition we shall treat the present petition as a request for approval of compromise and settlement of the survival action for the sum of $500. It should, however, be clear to the members of the bar that it is no part of the function of this court to make an allocation of settlement proceeds as between a survival action and a wrongful death action in which a minor has no interest. Plaintiff and defendant reach such (contingent) agreements and allocation as they see fit and the proposed settlement of the survival action should then be submitted for our consideration. The details of the proposed simultaneous settlement of the wrongful death action aspect of the matter should appropriately be set forth in the petition for informational purposes.

Following our hearing of this matter we have concluded that the proposed settlement of the survival action for the sum of $500 is reasonable and should be approved. The testimony herein indicates that the damages recoverable by the estate included $450 as funeral expenses and the cost of a tombstone of approximately $250 to $275, a maximum total of $725. In view of the fact that the matter is one of disputed liability, it is appropriate for the administratrix to accept approximately two thirds of the amount of damages in full settlement of the survival action. We are satisfied that plaintiff has not allocated to herself individually damages which would otherwise go to the estate.

Finally, it may be noted that the Act of July 28, 1953, does not authorize or require the court to enter an order with regard to counsel fees and other expenses, it only authorizes approval of *an agreement* for the payment of such fees and expenses. The same con-

struction of similar language in Pa. R. C. P. 2206 was rendered in the Hewitt case, supra, with regard to "wrongful death" actions. Upon approval of a compromise of a "survival action", if the parties cannot agree upon the question of counsel fees and expenses, they must be remitted to the orphans' court as the proper forum governing such questions of distribution.

Wherefore we enter the following

*Order*

And now, March 2, 1955, upon consideration of the petition filed herein, leave is hereby granted to plaintiff Ethel Wexler, administratrix of the estate of Joseph Wexler, to compromise, settle and discontinue the within survival action for the sum of $500.